IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BURTON, #16027515, | § § § | |
| Plaintiff, | § § | |
| vs. | § | No. 3:17-CV-1760-N-BH |
| DEBRA TAYLOR BURTON, | § § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the complaint should be **DISMISSED** for lack of subject matter jurisdiction.

### I. BACKGROUND

Christopher Burton (Plaintiff) was an inmate at the Dallas County Jail at the time he filed this action against his stepmother, Debra Taylor Burton (Defendant), for making libelous, slanderous, and defamatory statements about him. (doc. 3 at 3, 4.)[2] He contends that Defendant told the doctor treating him for a back injury in 2012 that Plaintiff was bipolar. (*Id.* at 5.) In 2013, he was allegedly arrested and sent to a mental hospital because Defendant called the police and told them that he was "paranoid and delusional" and had a gun.[3] (*Id.* at 5-6.) Defendant also told "people," including his son, that he has used drugs. (*Id.* at 7.) Plaintiff contends that she "tells

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Plaintiff was charged with aggravated assault of a public servant and with evading arrest or detention with a vehicle on January 19, 2014, in the 195th Judicial District Court of Dallas County, Texas. *See State v. Burton*, Nos. F14-32161, F14-32162 (www.dallascounty.org (search for plaintiff)). On February 2, 2017, he was found not guilty in both cases by reason of insanity and committed to the maximum security unit of the North Texas State Hospital, Vernon Campus, for an evaluation of his mental condition. On November 9, 2017, he was committed to Vernon for in-patient treatment for a period not to exceed 181 days.

doctors, police officers, and anyone that will listen to her that [he] has a mental illness." (*Id.* at 8.) Plaintiff seeks monetary damages and a permanent injunction prohibiting Defendant from slandering him. (*Id.* at 4.) No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This section provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy C orp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires a court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332(a). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1991)). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, Plaintiff only asserts claims for defamation, libel and slander, which are intentional torts under Texas law. *See Williams v. City of Irving, Tex.*, No. 3:15-CV-1701-L-BH, 2017 U.S. Dist. LEXIS 139826, 2017 WL 3822115, at *9 (N.D. Tex. July 14, 2017) (citing cases) ("defamation of character (slander and libel)" is an intentional tort); *Fields v. Keith*, 174 F. Supp. 2d 464, 473 (N.D. Tex. 2001), *aff'd*, 273 F.3d 1099 (5th Cir. 2001) (slander is oral defamation). Since Plaintiff asserts claims under state law, he has the duty to show that complete diversity exists between the

3

parties. He does not allege that Defendant is a citizen of a different state. He has therefore not met his burden to show that complete diversity exists between the parties, and his state law claims should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on this 7th day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE